Reuben D. Nathan {SBN 208436}
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
Tel. No.: (949) 270-2798
Fax No.: (949) 209-0303

Matthew Righetti {SBN 121012}
matt@righettilaw.com
John Glugoski {SBN 191551}
jglugoski@righettilaw.com
**RIGHETTI GLUGOSKI, PC**
2001 Union St, Suite 400
San Francisco, California 94123
Telephone: (415) 983-0900

Attorneys for Marcela Leyva and all similarly situated persons

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| MARCELA LEYVA, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>     v.<br><br>M.A.C. COSMETICS INC., a New York corporation<br><br>                  Defendant. | Case No.<br>_____<br><br>**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Marcela Leyva ("Ms. Leyva" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, submits the following Complaint against Defendant M.A.C. COSMETICS INC. ("Defendant" or "MAC"), showing the Court as follows:

## INTRODUCTION

1. This is a collective action brought by Plaintiff for unlawful acts committed by Defendant against Plaintiff and those similarly situated. Plaintiff and other similarly situated employees received hourly wages and non-discretionary bonuses/commissions as a part of their employment with Defendant. Plaintiff brings this action for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), to obtain full and complete relief for Defendant's failure to pay Plaintiff and all others similarly situated for all hours worked and for all wages owed as required by the FLSA.

2. MAC is a Canadian cosmetics manufacturer founded in Toronto in 1984 by Frank Toskan and Frank Angelo. In 1996, MAC became a subsidiary of the Estée Lauder Companies and is now headquartered in New York[1]. MAC is an acronym for "Makeup Art Cosmetics," whose product line was originally intended for makeup artists only but is now sold to consumers around the world. Professional makeup artists operate MAC stores.

3. MAC Cosmetics is one of the top three global makeup brands, with an annual turnover of over $1 billion, and 500 stores.[2]

4. On its own website[3], MAC represents:

   a) "MAC is the world's leading professional makeup authority

---

[1] *"Estee Lauder Buys Remaining MAC Equity"*. Los Angeles Times. 1998-02-28. ISSN 0458-3035. Retrieved 2019-05-23.
[2] https://www.forbes.com/companies/mac-cosmetics/?sh=1b2ae6747806
[3] https://www.maccosmetics.com/our-story

because of our unrivaled expertise in the makeup ARTISTRY;"

b) "MAC is a proud community of professional makeup artists working together to bring our vision to life;" and

c) "MAC is at the forefront of fashion trendsetting, collaborating with leading talents from fashion, art, and pop culture. Our Artists create trends backstage at fashion weeks around the world."

5. Plaintiff worked for Defendant as a non-exempt employee from October 7, 2019 to approximately March 2023. Defendant provides to consumers products and services including make-up, cosmetics, accessories, and training/instruction on use and application, throughout the United States and its territories. Plaintiff and all those similarly situated work/ed in Defendant's retail locations across the United States and its territories (excluding California employees).

6. At all material times, MAC requires its employees to implement a fashion forward "image" to represent the MAC brand to consumers and the general public. From the time a prospective employee of MAC engages in the onboarding process through the time of separation (whether through resignation or termination), MAC employees are informed and consistently reminded by corporate management and regional/district managers to abide by the MAC "image" standards or be subject to reprimand/termination.

7. More specifically, MAC employees are instructed and required to adhere to the required MAC "dress code" or "image", which means (1) wearing specific clothing of distinct design and color to both match MAC's fashion forward "image" and to represent the MAC brand, and (2) wearing makeup of distinctive design and color that also matches the MAC brand and is specific to MAC's promotional events.

8. The clothing MAC requires its employees to wear is of distinctive design and color and that is not usual or common within the employees' occupation.

9. MAC also requires its employees to wear makeup that meets the MAC "image," which is also required at MAC promotional events. MAC promotional

events can occur, on average, every 2-4 weeks, serving to generally promote a new product or product line of new makeup products. Each of these different make-up products or product lines have a specific look and color combination that would promote the MAC brand. In order to adhere to MAC's appearance policies and expectations, MAC employees must purchase some of the promotional products with their own money or use their own makeup products (from their personal collection) to match MAC's appearance expectations and to be consistent in image with MAC's promotional campaign expectations.

10. MAC requires its employees to abide by the MAC image for its employees to wear clothing and makeup, described above, necessary to meet MAC's expectations and the demands of MAC representations and warranties to its consumers and the general public as the world's leading professional makeup authority and frontrunner of fashion trendsetting.

11. MAC has a policy and practice of not reimbursing its employees for either the time or the expenses incurred as a result of purchasing and applying the make-up and clothing, described above, necessary to meet MAC's appearance expectations. MAC employees would be subject to reprimand and/or termination for not conforming to the MAC image expectations.

12. Though Plaintiff and other similarly situated employees have spent time and incurred necessary business expenses in purchasing clothing and purchasing and applying makeup to meet MAC's expectations and at the direction of MAC and to benefit MAC's business, MAC has neither reimbursed Plaintiff or any other similarly situated employees, in any way for these necessary business expenses nor paid for the employees' time in purchasing product/clothes or applying make-up.

13. MAC, at all material times, has had, and continues to have, a policy and practice of not counting as "hours worked" the time spent by its current and former employees, including Plaintiff, and those similarly situated, for purchasing clothing

and purchasing/applying makeup reasonable and necessary to conforming to MAC image demands and expectations.

14. Plaintiff and others similarly situated were required to have their makeup and hair perfected to MAC standards prior to clocking in for work. At a minimum, MAC's hair and makeup standards would require Plaintiff and others similarly situated to spend time working "off the clock" for which they were not compensated. MAC failed to pay Plaintiff and other similarly situated employees for the time spent meeting the MAC standards for hair and makeup prior to clocking into work, which occurred for every shift.

15. Plaintiff and other similarly situated employees' non-discretionary bonuses/commissions were not calculated into the regular rate of pay.

16. Accordingly, Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective of persons who are and were employed by Defendant (as described above), during the past three (3) years through the final date of the disposition of this action and who worked for Defendant as hourly employees in retail locations and were not paid the statutorily required rate of one-and-one-half (1½) times their properly calculated regular hourly rate for all hours worked in excess of forty (40) per workweek and who are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii), liquidated damages, (iv) interest, and (v) attorneys' fees and costs, pursuant to the FLSA and such other and further relief as this Court finds necessary and proper. On information and belief, the collective number of similarly situated individuals exceeds 100.[4]

## JURISDICTION, VENUE AND DIVISIONAL ASSIGNMENT

---

[4] The similarly situated group alleged herein excludes individuals, if any, during the time such individuals were employed by Defendant in the State of California as the same claims are being litigated on behalf of a California class in an existing action entitled *Ignacio Maciel, et al. v. MAC Cosmetics, Inc.*, Case No. 3:23-cv-03718-AMO, pending in the United States District Court for the Northern District of California.

17. This Court has original subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331.

18. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

19. Ms. Leyva resides in Woodland Hills, California and submits to the personal jurisdiction of this Court.

20. Defendant, at all relevant times, has been authorized to conduct business in this District, and transacts business within this District. As such, Defendant is subject to the jurisdiction and venue of this Court and may be served with a copy of this Complaint and process by serving its registered agent for service of process.

21. At all times relevant to this action, Defendant was the "employer" of Plaintiff and all others similarly situated as those terms are defined by 29 U.S.C. § 203(d).

22. The amount of qualifying annual volume of the for-profit business of Defendant exceeds $500,000. Defendant is engaged in interstate commerce. At all relevant times, Defendant had two or more employees engaged in commerce, as defined by 29 U.S.C. § 203(s)(1)(A). Defendant advertises on the internet, processes credit cards in and outside the State of Arizona. For each and all these reasons, Defendant is subject to the FLSA's requirements.

23. Plaintiff and all others similarly situated worked for Defendant within the three years preceding the filing of this action and are individuals who a) worked at retail locations as nonexempt employees; b) were not paid the properly calculated regular hourly rate for all hours of work performed in a workweek; and c) were not paid for all hours worked per day/week and/or for all overtime compensation owed for all hours worked over forty (40) in a workweek.

24. Plaintiff consents in writing to being parties to this action pursuant to 29 U.S.C. §216(b) per the Consent to Join forms attached as Exhibit 1.

## **FACTUAL ALLEGATIONS**

25. Ms. Levya was paid on an hourly basis at a set amount per hour plus nondiscretionary bonus and sales incentive pay (excluding pre-shift hours worked off the clock for which she is entitled to be paid per the FLSA). She had no opportunities for profit or loss in the employment relationship. In weeks where she worked more than forty hours per week, she was not paid overtime wages at the proper rate required by the FLSA. During those same workweeks, Ms. Levya also was not allowed to record time worked off the clock, including, for example, required preparation time as required before she could clock in.

26. On information and belief, other similarly situated individuals employed by Defendant were also hired to work for Defendant, worked more than forty hours a week, were unable to record time worked off the clock, and are/were paid a set hourly rate for all hours worked plus nondiscretionary bonus and sales incentive pay.

27. At all relevant times Defendant exercised control over Plaintiff and each of the similarly situated individuals had knowledge of their hours worked, and/or suffered and permitted them to work for Defendant.

28. Plaintiff and other similarly situated individuals are not free from Defendant's control in the performance of their work. For example, Defendant required Plaintiff and each of the similarly situated individuals to work set schedules, make requests for time off that are approved or rejected by their supervisors, meet daily duties and responsibilities standards, participate in meetings with management and other employees to discuss Defendant's requirements, report to supervisors, and have regularly scheduled performance discussions and evaluations with Defendant's supervisors. Defendant controls the way Plaintiff and other similarly situated individuals perform their work.

29. Plaintiff and other similarly situated individuals are subject to quality assurance evaluations that provide correction and feedback, receive reminders during their shifts of performance goals and requirements, participate in training sessions, must strictly comply with Defendant's instructions and processes, receive directions regarding changes in procedures, and regularly have one-on-one meetings with their supervisors regarding performance and identifying areas of performance improvement needed.

30. Plaintiff and other similarly situated individuals were required to complete pre-shift work which Defendant did not consider "hours worked."

31. At all relevant times, Defendant failed to maintain accurate records of Plaintiff's and other similarly situated individuals actual/total work hours in violation of the FLSA's recordkeeping requirements.

32. During the applicable FLSA statutory periods, Plaintiff and other similarly situated individuals worked in excess of forty (40) hours in a workweek and received nondiscretionary bonus/sales incentive pay without receiving full and properly calculated overtime compensation for overtime hours worked.

33. Defendant knew or should have known that Plaintiff and other similarly situated individuals were not properly paid for all hours worked and/or overtime hours worked within the meaning of the FLSA. As such, Defendant willfully engaged in a pattern of violating the FLSA as described in this Collective Action Complaint in multiple ways, including, but not limited to failing to pay at least the minimum wage for all hours worked in some workweeks, and failing to pay overtime compensation, and Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

34. As a result of Defendant's unlawful conduct, Plaintiff and other similarly situated individuals have been deprived of wages earned and suffered damages in an amount to be determined at trial and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

35. At all relevant times, Plaintiff and similarly situated individuals were subject to Defendant's decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them overtime wages earned (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

36. At all relevant times, Plaintiff and similarly situated individuals worked more than 40 hours in a week, performed work for Defendant off the clock, and were not paid at required minimum overtime rates for all hours worked over forty (40) in a workweek. As such, there are questions of law or fact common to Plaintiff and similarly situated individuals. Plaintiff will fairly and adequately protect the interests of similarly situated individuals, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Without judicial resolution of the claims asserted on behalf of the proposed collective group, Defendant's continued violations of the FLSA will undoubtedly continue. Members of the collective group of similarly situated individuals are readily ascertainable. For purposes of notice and other purposes in this action, their names and contact information are available from Defendant, and notice can be provided to each via electronic mail to personal and/or work email addresses on file, via text message, and/or U.S. Mail.

## COUNT ONE – FAILURE TO PAY WAGE COMPENSATION

38. At all relevant times, Plaintiff and similarly situated individuals were employed by Defendant, regularly and/or consistently worked more than 40 hours in a workweek, received nondiscretionary bonus/sales incentive pay and further performed work off the clock.

39. At all relevant times, Plaintiff and similarly situated individuals were not paid all the overtime wages owed for all hours worked over 40 in a week or for time worked off the clock. Defendant knew and/or suffered and permitted Plaintiff and similarly situated individuals to work in excess of forty (40) hours in a workweek and

knew Plaintiff and other similarly situated individuals were not being paid overtime compensation owed and for all hours worked as required by the FLSA.

40. Defendant willfully disregarded its obligations under the FLSA and further failed to maintain accurate time records of all hours worked by Plaintiff and similarly situated individuals in violation of the FLSA's recordkeeping requirements.

41. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and similarly situated individuals suffered loss of income and other damages and are entitled to recover back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and similarly situated individuals employed by Defendant outside California, demand judgment against Defendant as follows:

A. Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as the Representative of the FLSA Collective;

C. A judgment in favor of the Plaintiff and all other similarly situated individuals for unpaid wages, liquidated damages, pre- and post-judgment interest on unpaid wages, and reasonable attorneys' fees and costs pursuant to the FLSA;

D. Judgment against Defendant that Defendant's violations of the FLSA were willful; and

E. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted, this 9th day of May, 2024.

        **RIGHETTI GLUGOSKI, PC**
        **NATHAN & ASSOCIATES, APC**

        */s/ Matthew Righetti*
        Matthew Righetti
        Attorneys for Marcela Leyva and all
        similarly situated persons

# EXHIBIT 1

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| MARCELA LEYVA, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>M.A.C. COSMETICS INC., a New York corporation<br><br>            Defendant. | Case No.<br>_____<br><br>**CONSENT TO JOIN COLLECTIVE ACTION** |

By my signature below, I hereby consent and agree to pursue my legal claims against MAC Cosmetics, Inc. ("Defendant") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and join and/or opt-in to become a party plaintiff in any legal action against Defendant brought by Marcela Leyva to obtain unpaid wage compensation, liquidated damages, attorneys' fees costs or any other relief arising out of employment with Defendant.

I designate the firms of Righetti Glugoski, P.C. and Nathan & Associates, APC and any law firm they associate with to represent me in the action(s) and, if needed, to file this consent with the court. I further authorize these attorneys to act as my agents to make decisions on my behalf concerning the legal matter, the manner and method of pursuing the legal claims, and all other issues pertaining to this legal matter. I further agree to be bound by any settlement approved by my attorneys or any decision by any court as to my rights in this matter as fair, adequate, and reasonable.

By signing and returning this Consent to Join Form, I understand and agree that I will be represented by Righetti Glugoski, P.C., 2001 Union Street, Suite 400, San Francisco, CA 94123 and Nathan & Associates, APC, 2901 W. Coast Highway, Suite 200, Newport Beach, CA 92663.

Signature: _____
DocuSigned by: [signature]
1793ADD4DDF440C...

Name (Print): Marcela Leyva

Date: 5/8/2024